BROOKLYN & N. Y. FERRY Co. *v.* THE MORRISANIA.[1]

*(Circuit Court, E. D. New York. July 3, 1888.)*

1. COLLISION—BETWEEN STEAMERS—SUDDEN SHEER.

As the steam-boat M. was going up the East river, near the New York shore, behind the steam-boat S., she suddenly sheered to starboard in an attempt to pass the S., and thereby collided with the steam-boat A.. which was coming down the river on a course outside the S. The A.. following the sheer. starboarded in an attempt to let the M. break her sheer, and recover her course. which the latter attempted, but ineffectually. *Held,* that such a sheer, under such circumstances, was a fault, causing the collision, that the starboarding of the A. was not a fault, and that the M. was solely liable for the collision.

2. ADMIRALTY—PRACTICE—CROSS-DEMANDS.

Where a libel has been filed in the Southern district of New York against a vessel for damage arising out of a collision, the owner of the vessel so libeled may begin an independent action for his own damage in the Eastern district of New York, and is not obliged to prosecute his claim by way of cross-libel in the Southern district.

In Admiralty. On appeal from district court. 33 Fed. Rep. 527.

*Wilcox, Adams & Macklin,* for appellees.

*McMahon & Handley,* for appellants.

BLATCHFORD, Justice. I agree with the district judge that in this case the issue is as stated by him in his decision, and that, on that issue, the clear weight of the evidence is with the Alaska; that there was no fault in the navigation of the Alaska; and that the sole cause of the collision was the fault, on the part of the Morrisania, of suddenly sheering out from under the stern of the Superior, and across the course of the Alaska.

The libel in this case was filed June 27, 1887. Prior to that, and on the 17th of June, 1887, the owners of the Morrisania had filed a libel against the Alaska in the district court for the Southern district of New York to recover for damages sustained by them in the same collision between the two vessels, and the owners of the Alaska had, on the 24th of June, 1887, interposed a claim, and put in a stipulation for value in the latter suit. The answer in the present suit sets up that these prior proceedings in the district court for the Southern district gave to that court the prior right to adjudicate in regard to the collision, and deprived the district court for the Eastern district of the jurisdiction to entertain the present suit. Prior to the trial of this suit in the district court for the Eastern district, the claimants of the Morrisania moved that court to stay all proceedings therein until a trial should be had, and a decree made, in the suit in the district court for the Southern district. The motion was denied. Thereupon a stipulation entitled in the two suits, and signed by the proctors for the Morrisania and for her owners, and by the proctors for the Alaska and for her owners, was filed in the district court for the Eastern district, in these words:

"The secondly entitled suit having come on to be tried in the Eastern district the first in point of time, and the court having denied the motion of the

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

owners of the Morrisania to stay proceedings in said suit, because of the pendency of the first suit in the Southern district, to save two trials, it is consented that the causes be heard together, and, when Judge BENEDICT is prepared to decide, that he decide both causes according to his opinion, and enter the decrees in the separate districts, according to the decisions respectively made."

The trial was then proceeded with and concluded. A decree was made that the libelant recover its damages against the Morrisania, which was followed by a final decree against the Morrisania on the 16th of January, 1888, for $527.60 damages and interest, and $252.50 costs. From that decree the claimants appealed to this court.

It is contended by the appellants that, because of the prior proceedings in the suit in the district court for the Southern district, the district court for the Eastern district had no jurisdiction to entertain the present suit; and that the owners of the Alaska could prosecute their claim only by way of a cross-libel in the district court for the Southern district. But there is no principle or practice which sustains these propositions. The filing of the libel in the district court for the Southern district gave to that court no jurisdiction over the Morrisania as a *res*, or over the claim of her owners to damages. It was optional with them to file a cross-libel in the district court for the Southern district, or to proceed as they did. There is nothing in rule 53 of the rules in admiralty prescribed by the supreme court which requires the filing of a cross-libel. Nor did the owners of the Alaska, in their answer filed on July 13, 1887, in the suit in the district court for the Southern district, claim to have their damages adjudicated in that suit. The district court for the Eastern district had jurisdiction to entertain and try this suit. The stipulation did not aid its jurisdiction of this suit.

Let there be a decree for the libelant for $218.88, with interest from May 18, 1887, and for $300, with interest from January 16, 1888, and for $252.50, its costs in the district court as taxed, and for its costs in this court, to be taxed.